DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PATRICIA WALDECK, BRUCE CLARKE,**
and **DEBORAH TULL,**
Appellants,

v.

**MICHELLE L. MACDOUGALL, DVM,**
Appellee.

No. 4D19-3417

[August 12, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nicholas Richard Lopane, Judge; L.T. Case No. CACE16009508.

Lisa M. Boswell of Lisa M. Boswell, P.A., Wellington, for appellants.

Brian D. DeGailler of Quintairos, Prieto, Wood & Boyer, P.A., Orlando, for appellee.

BOKOR, ALEXANDER, Associate Judge.

Patricia Waldeck, Bruce Clarke, and Debra Tull ("Appellants") timely appeal a final order of dismissal for lack of prosecution. This Court has jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(A). The rule governing lack of prosecution sets forth a simple, mechanical, bright-line inquiry: has there been record activity in the ten months preceding the issuance of the notice of lack of prosecution, or has there been record activity in the sixty days following issuance of such notice? *See* Fla. R. Civ. P. 1.420(e). Any litigant or party who has sat through a lack of prosecution calendar knows exactly how mechanical the application of this bright-line rule can be. The hearing consists of a review of the docket, and while it serves an important purpose of managing the docket and closing abandoned cases or moving slow cases forward, it often contains all the drama and legal intrigue of a DMV waiting room. No record activity, no good cause shown at least five days prior to the hearing, case dismissed. Record activity shown within the sixty-day grace period, the case survives. Simple. In this case, Appellants showed timely record activity, yet the case was nonetheless dismissed. Appellee argued, and the trial court agreed, that some record activity doesn't count.

Appellee overcomplicated what is a simple, bright-line rule. Record activity, of any kind, is record activity, and the case should not have been dismissed.

### Standard of Review

We review de novo the related issues of whether record activity occurred and whether such record activity was sufficient under Rule 1.420(e). *Weston TC LLP v. CNDP Mktg. Inc.*, 66 So. 3d 370, 371 (Fla. 4th DCA 2011).

### Legal Analysis

There is no factual dispute. There was record activity within the sixty-day period after notice of lack of prosecution. *See* Fla. R. Civ. P. 1.420(e) (explaining that dismissal is appropriate if "no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period"). The record activity consisted of a motion to stay and a notice of hearing on the motion to stay. Either one constitutes record activity under the bright-line test required by the plain language of the rule. *Id.*; *see also Chemrock Corp. v. Tampa Elec. Co.*, 71 So. 3d 786, 792 (Fla. 2011) (establishing the bright-line rule that any timely record activity suffices to preclude dismissal or lack of prosecution); *Butler v. Innovative Mktg. & Distrib., Inc.*, 186 So. 3d 1118 (Fla. 4th DCA 2016) (applying *Chemrock* and reversing dismissal for lack of prosecution where the record activity consisted of a notice of hearing filed within the sixty-day grace period).

In *Weston*, 66 So. 3d at 375, this court suggested in dicta, by attempting to give effect to all of the provisions of rule 1.420(e), that a hypothetical motion to stay would be insufficient record activity. However, in *Weston*, this court also recognized *Chemrock* as being the dispositive case and found that the filing of a notice of absence and unavailability within the sixty-day grace period was sufficient record activity to avoid dismissal for lack of prosecution.

The trial court was presented with docket entries that were within the sixty-day safe harbor period permitted by rule. The bright-line test means there is no need to examine the type or quality of such docket entries. If such activity is shown by a party, it is a mechanical, ministerial review of the record with no discretion on the part of the trial court.

### Conclusion

Accordingly, as there has been record activity within the sixty-day safe

harbor period pursuant to Rule 1.420(e), the final order of dismissal for lack of prosecution is reversed, and the case is remanded to the trial court.

*Reversed and remanded for further proceedings.*

LEVINE, C.J., and CIKLIN, J., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**